IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Serge Mezheritsky, | No. CV 08-641-TUC-FRZ (HCE) |
| Petitioner, | **REPORT & RECOMMENDATION** |
| vs. | |
| David Duncan, Warden, | |
| Respondent. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 (Doc. No. 1). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for Report and Recommendation. For the following reasons the Magistrate Judge recommends that the District Court deny the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner, who was convicted and sentenced in the Central District of California, is currently incarcerated at the Federal Correctional Institution (hereinafter "FCI") in Safford, Arizona. (Respondent's Answer (Doc. No. 10), pp. 1-2 & Exh. 1, Att.7). Petitioner alleges that the Bureau of Prisons (hereinafter "BOP") has denied "him credit for time spent in federal custody between January 13, 2003, through March 10, 2003, as per judges [sic] order[]." (Petition, p.5).

To support his claim, Petitioner alleges that on May 3, 2001, he was arrested by FBI agents after a search warrant was executed "at his residence for an indictment that was issued by the court. During the search of [Petitioner's]...residence federal officials found a firearm." (Memorandum of Law in Support of Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241 (hereinafter "Petitioner's Memo.") at p. 2). Petitioner was taken into custody and detained. (*Id.*). Petitioner was charged in a first superseding indictment with, among other things, Conspiracy to Bring, Transport, Harbor and Encourage Illegal Aliens to Enter the United States in violation of Title 8 U.S.C. § 1324(a)(1)(A)(i), (ii), (iii), (iv), and (v)(1) (hereinafter "CR 01-00434"), filed with the United States District Court for Central District of California.[1] (*Id.; see also* Petitioner's Memo., Exh. B).

Petitioner also alleges that while he was in federal custody awaiting trial in CR 01-00434, he was indicted for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), which was also filed with the District Court for the Central District of California (hereinafter "CR 01-00709"). (Petitioner's Memo. p. 2 & Exh. A). On January 13, 2003, Petitioner entered a guilty plea to two counts of Felon in Possession of a Firearm in CR 01-00709. (*Id.*). He was sentenced to 24 months of imprisonment on each count to run concurrently (hereinafter "First Sentence"). (Petitioner's Memo., Exh. A). Upon release, Petitioner would be placed on supervised release for a term of three years on each count, all such terms to run concurrently. (*Id.*).

Petitioner alleges that at trial, he was found guilty on multiple counts in CR 01-00434.[2] (Petitioner's Memo., p.2). On March 10, 2003, Petitioner was sentenced, *inter alia,* to a term of 210 months for multiple counts in CR 02-00434 and to 60 months on multiple

---

[1] It appears from the record that Petitioner was also indicted on charges relating to false statements and declarations and aiding and abetting (hereinafter "CR 02-00401"). (*See* Petitioner's Memo. Exh. B). This case was also before the District Court for the Central District of California. (*Id.*).

[2] The Judgment and Commitment Order submitted by Petitioner suggests Petitioner entered a guilty plea as the box next to the word "plea" is marked, whereas, the box indicating the verdict is blank. (Petitioner's Memo., Exh. B).

counts in CR 02-00401 "to run concurrently with each other and with all other counts" (hereinafter "Second Sentence"). (Petitioner's Memo., Exh. B). The March 10, 2003 Judgment and Commitment Order further provided that:

> The terms imposed in Docket Nos. 01-00434...and 02-00401 shall run concurrent to the sentence previously imposed in Docket No. 01-00709.

(*Id.*). Further according to Petitioner, at sentencing, the Court stated that:

> with respect to the 24-month sentence that Mr. Mezheritsky is serving on docket number 01-709, it should be noted that in all three docket numbers mentioned the defendant will receive credit for time served dating back to his arrest on May 3, 2001.

(Petitioner's Memo., Exh. D (all-capitalization omitted)).

The BOP aggregated Petitioner's sentences into a single, aggregate term. (Answer, Exh. 1, ¶¶7-9).[3] Petitioner was awarded pre-sentence credit on this aggregated term from the date of his May 3, 2001 arrest until January 12, 2003, the day before his First Sentence was imposed. (Answer, p. 2). Petitioner is projected to complete his sentences on September 20. 2016 via good conduct time release. (*Id.*).

---

[3]Specifically, the BOP prepared
> a sentence computation for [P]etitioner, based on a 17-year, 7-month, and 28-day term commencing January 13, 2003, with credit from May 3, 2001 to January 12, 2003....Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984),* and 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence, or for time spent in the service of a sentence....Petitioner's federal sentences were aggregated to form a single aggregate term. Each sentence commenced on the respective date of imposition (the earliest possible date), forming a 17-year, 7-month and 28-day aggregate term of confinement. The aggregate term commenced on the date the first sentence was imposed, *i.e.*, January 13, 2003. As [P]etitioner was in service of his federal term of confinement from January 13, 2003 to March 10, 2003, federal statute and Bureau policy preclude the application of credit for this time.

(Answer, Exh. 1, ¶¶8-9).

## II. DISCUSSION

### A. Argument

Petitioner argues that the BOP has denied him credit on his aggregated sentence for the time he spent in federal custody between the date of his First Sentence (January 13, 2003) and the date of his Second Sentence (March 10, 2003). According to Petitioner, he is entitled to pre-sentence credit for this period because his Second Sentence "was ordered to run concurrently with..." his First Sentence. (Petitioner's Reply (Doc. No. 11), p.4). Petitioner also argues that the sentencing judge has "'discretion to provide that a sentence is to be retroactively concurrent with another sentence which has already been served,'" and that the sentencing judge exercised such discretion in Petitioner's case. (*Id.* at pp. 4-5 (emphasis omitted)). Therefore, Petitioner requests that the Court grant him 59 days of pre-sentence credit for the period between January 13, 2003 and March 10, 2003. (*Id.* at p.5).

Respondents assert that Petitioner's sentences were properly aggregated for sentence computation purposes in accordance with 18 U.S.C. § 3584(c). He was also awarded pre-sentence credit from the date of his arrest until the day before his First Sentence was imposed. According to Respondents, Petitioner's sentence computation for his Second Sentence "is not eligible to commence until the date of sentencing (March 10, 2003). Petitioner's sentences, therefore, have been correctly computed and his case should be dismissed." (Answer, p.3).

### B. Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,'...and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.2000) *(quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.,* 541 U.S. 774 (2004)). With regard to habeas petitions, federal jurisdiction is dependent upon a proper characterization of the petition. *Gay v. Winn,* 2009 WL 275324, *2 (D.Ariz. Feb. 5, 2009).

Generally, an action to contest the legality of a sentence must be filed pursuant to 28

U.S.C. §2255, whereas an action to challenge the execution of a sentence must be filed pursuant to 28 U.S.C. § 2241. *Hernandez,* 204 F.3d at 864. Petitioner does not claim that the sentencing court imposed an illegal sentence.[4] Instead, he challenges the manner, location or condition of the execution of his sentence. *See e.g. Gay,* 2009 WL 275324 at * 2 (*citing Rogers v. United States,* 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted)). Petitioner's claim that the BOP has denied him pre-sentence credit to which he is entitled, falls under section 2241. *See id.* Further, because Petitioner is incarcerated at FCI Safford, Arizona, this Court has jurisdiction over this matter. *Francis v. Rison,* 894 F.2d 353 (9th Cir. 1990); *Gay*, 2009 WL 275324 at * 2.

C. Exhaustion of Administrative Remedies

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Respondents do not assert that Petitioner failed to exhaust administrative remedies. Moreover, the record supports the conclusion that Petitioner has met this requirement. (*See* Petitioner's Memo., Exh. E (Petitioner's requests for administrative review, administrative appeal, and responses thereto)).

D. Analysis

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson,* 503 U.S. 329, 336 (1992) (*citing* 18 U.S.C. §3621(a)); *see also Allen v. Crabtree,* 153 F.3d 1030, 1033 (9th Cir. 1998). The statute governing calculation of a term of imprisonment provides

---

[4] If he were making such a claim, his remedy would be through section 2255 and a section 2255 motion would probably be time-barred. *See* 28 U.S.C. § 2244(d)(1).

that a federal sentence commences on the date the defendant is received in custody to begin service of his sentence. 18 U.S.C. § 3585(a). Section 3585 also provides for credit for prior custody as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. §3585(b). Through the last clause of section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337.

Further, Section 3585(b) does not authorize a district court to compute the credit at sentencing. *Wilson,* 503 U.S. at 334; *United States v. Lualemaga,* 280 F.3d 1260, 1265 (9th Cir. 2002). Instead, the Attorney General, acting through the BOP, has the responsibility to compute the credit allowed by section 3585(b). *Wilson,* 503 U.S. at 334-35; *see also Id.* at 335 ("Because the offender has a right to certain jail-time credit under §3585(b), and because the district court cannot determine the amount of credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). "[T]he BOP has developed detailed procedures and guidelines for determining the credit available to prisoners." *Id.* at 335 (*citing* Federal Prison System Program Statement 5880.24; Federal Bureau of Prisons Operations Memorandum No. EMS-DM 154-89). *See also Cruz v. Sanders,* 2008 WL 5101021, *1 (C.D.Cal. Dec. 2, 2008) ("The BOP's guidelines for computation of sentences are set forth in Program Statement 5880.28, which expressly incorporates the provisions of 18 U.S.C. §3585(b)." (*citing* Program Statement 5880.28 at 1-14)); (Answer, Exh. 1 (citing Program Statement 5880.28, *Sentence Computation Manual (CCCA 1984)* when discussing computation of Petitioner's sentence)). The BOP's internal guidelines provided in the Program Statements are not entitled to the same deference as promulgated regulations, but they are nonetheless entitled

to "some deference" if they are a permissible construction of the statute. *See Reno v. Koray,* 515 U.S. 50, 61 (1995). *See also Allen,* 153 F.3d at 1033.

Moreover, "[m]ultiple terms of imprisonment ordered to run...concurrently [as in Petitioner's case] shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Pursuant to section 3584(c), the BOP computed Petitioner's aggregate sentence and, pursuant to section 3585(b) the BOP credited Plaintiff for pre-sentence custody for the period from May 3, 2001 to January 12, 2003:

> [Petitioner's] 210-month sentence begins running concurrently with your 24-month sentence as of March 10, 2003, the date in which it [*i.e.,* the 210-month sentence] was imposed by the federal court. You did receive jail credit on the total aggregation of both sentences in the amount of 602 days, which included jail credit from May 3, 2001 until January 12, 2003, the day before your federal sentence began to run. In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.

(Petition, Exh. E (June 13, 2008 McFadden Response); *see also* Petition, Exh. E (September 29, 2008 Watts Response ("Because your sentences were aggregated, the second 210 months sentence can not begin to run until it was imposed on March 10, 2003, resulting in an additional 59 days for the time you spent serving the first 24 months sentence.")); (Answer, pp. 2-3 & Exh. A)).

The earliest date a federal sentence can commence is the date of its imposition. *See Taylor v. Sawyer,* 284 F.3d 1143, 1148 (9th Cir. 2002) (under section 3584(a), "district courts cannot order a sentence to run either concurrently or consecutively to a non-existent term.") (citations omitted); *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980) ("a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served."). *See also Shevly v. Whitfield,* 718 F.2d 441, 444 (D.C. Cir. 1983) (discussing 18 U.S.C. §3568 which was the predecessor to section 3585); (Answer, Exh. 1, Att. 3 (Program Statement 5880.28, p.1-13 recognizing that "[i]n no case can a Federal Sentence of imprisonment commence earlier than the date on which it was imposed.") (emphasis omitted)).

There is no dispute that Petitioner began serving his First Sentence on January 13, 2003. Petitioner's Second Sentence did not commence until it was imposed on March 10,

2003. *See Taylor,* 284 F.3d at 1148; *Flores,* 616 F.2d at 841. The fact that the First and Second Sentences were concurrent does not alter the date when Petitioner's Second Sentence began given that "[p]recedent in point confirms that a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with *the remainder* of the one then being served." *Shevly,* 718 F.2d at 444 (citations omitted)(emphasis in original); *see also Isles v. Chester*, 2009 WL 1010553, *4 (D.Kan. April 15, 2009) ("Concurrent sentences normally mean that the sentence being imposed will run concurrently with the undischarged portion of a previously imposed sentence.") (citations omitted). Thus, "[t]he sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Flores,* 616 F.3d at 841. Consequently, when Petitioner began to serve his Second Sentence, imposed on March 10, 2003, he was already serving his First Sentence.

Once Petitioner's First Sentence was imposed and became "operative for the period of time at issue, it is artificial to maintain that custody nonetheless retains its preconviction character, that it remains conditional, unsettled, still dependent upon...a trial court's eventual disposition of other charges not yet adjudicated." *Shevly,* 718 F.2d at 444 (footnote omitted). Thus, the time Petitioner served between imposition of his First Sentence and imposition of his Second Sentence, *i.e.* January 13, 2003 to March 10, 2003, does not constitute *pre-sentence* incarceration for purposes of 18 U.S.C. §3585(b). *See id.* at 444-45. *See also Sinito v. Kindt,* 954 F.2d 467 (7th Cir. 1992) (under former version of section 3585, federal prisoner was not entitled to credit against second federal sentence when he was already in custody serving an earlier federal sentence); *Shelvy,* 718 F.2d at 444 & n.4 (noting, when applying prior version of 3585, pre-sentence credit does not include time spent serving another sentence and stating that the statute was amended, in part, "'to exclude credit for time spent in custody after sentence....'" (*quoting* H.R. Rep. No. 2058, 86gh Cong., 2d Sess. 1 (1960))); *see also Wilson,* 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

Petitioner also claims that the sentencing judge had discretion to order that the Second Sentence was retroactively concurrent with the First Sentence "and that is what the judge order [sic] in [P]etitioner's case." (Reply, pp. 4-5). Petitioner cites a transcript page, apparently from sentencing, wherein the court stated:

> with respect to the 24-month sentence that Mr. Mezheritsky is serving on docket number 01-709, it should be noted that in all three docket numbers mentioned the defendant will receive credit for time served dating back to his arrest on May 3, 2001.

(Petitioner's Memo., Exh. D (all-capitalization omitted)). Respondents have not disputed that the court made this statement at sentencing. Nor have Respondents specifically addressed Petitioner's argument based on the court's statement.

The Seventh Circuit has recognized that "a sentencing judge has the discretion to provide that a sentence is to be retroactively concurrent with another sentence which has already been partially served...." *United States ex rel. Del Genio v. United States Bureau of Prisons,* 644 F.2d 585, 589 (7th Cir. 1980) (rejecting petitioner's argument that a later sentence, ordered to run concurrently with an earlier sentence, should be treated as having commenced prior to the date the later sentence was imposed). Even assuming that the sentencing court had such discretion, Petitioner's argument still fails. The written judgment regarding Petitioner's Second Sentence reflects no indication that the Second Sentence was to be retroactively concurrent with Petitioner's First Sentence. (*See* Petitioner's Memo., Exh. B). Nor has any evidence been submitted to support the conclusion that the court specifically and unambiguously intended for Petitioner's Second Sentence to be retroactively concurrent with his First Sentence. Further, the court made no express comment concerning credit for incarceration time between imposition of the First and Second Sentences. A plain and fair reading of the court's statement supports the conclusion that the court was merely explaining the manner in which Petitioner's sentences would be computed in light of section 3584(c), which provides for treatment of multiple sentences as a single, aggregate term, and section 3585(b), which provides for credit for pre-sentence custody. Consistent with the statutory scheme and the court's comment, the BOP computed Petitioner's aggregate sentence and

1 gave credit on the total aggregation of the First and Second Sentences for pre-sentence jail time from May 3, 2001 to the time when Petitioner's First Sentence was imposed, *i.e.* January 12, 2003.

### E. CONCLUSION

Petitioner is not entitled to credit under 18 U.S.C. § 3585(b) for pre-sentence confinement for the period from January 13, 2003, the date his First Sentence commenced, to March 10, 2003, the date his Second Sentence was imposed.

## III. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court deny Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 08-641-TUC-FRZ.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 25th day of May, 2010.

_____
Héctor C. Estrada
United States Magistrate Judge